IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03189-REB-MEH

MARQUISE HARRIS,

    Plaintiff,

v.

SCOTT THOMAS, Officer, and
UNKNOWN NORTHGLENN POLICE OFFICER JOHN DOE,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Officer Scott Thomas's Motion to Dismiss for Failure to Prosecute [filed May 28, 2015; docket #27]. District Judge Robert E. Blackburn referred the Motion to this Court. *See* docket #28. As Plaintiff failed to participate in proceedings mandated by Fed. R. Civ. P. 26(f), failed to cooperate in the preparation of a Scheduling Order, failed to appear at a March 26, 2015 status conference or to respond to this Court's Order to Show Cause for his failure to appear (*see* docket #20), failed to respond to this Court's Order to Show Cause by April 10, 2015 why the case should not be dismissed for failure to prosecute (*see* docket #20), and failed to respond as ordered to the pending Motion (*see* docket 28), the Court recommends that this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

## **BACKGROUND**

Plaintiff initiated this action on November 24, 2014, and proceeds in this matter *pro se*. Docket #1. He was granted leave to proceed *in forma pauperis* and paid no filing fees. Docket #4. Upon service of the only named Defendant (*see* dockets ## 12, 13), the Court set a scheduling conference. Docket #14. Defense counsel informed the Court of Plaintiff's failure to cooperate in preparing a proposed scheduling order. Motion to Dismiss for Failure to Prosecute, docket #27 at 2. Defendant filed a Motion to Dismiss on March 24, 2015. Docket #17. On March 26, 2015, Defendant Thomas appeared for a scheduling conference, but Plaintiff did not appear; the Court thus converted it to a status conference. Docket #18. The Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, with a response due by April 6, 2015. Docket #20. Plaintiff did not respond to that Order. Plaintiff did not file a response, so the Court denied the Motion to Dismiss without prejudice. Docket # 22. The Court extended the Order to Show Cause to April 10, 2015. Docket #23. Plaintiff still did not respond. Defendant filed the pending Motion to Dismiss for Failure to Prosecute on May 28, 2015. Docket #27. The Court *sua sponte* issued an order to allow Plaintiff additional time to respond to the motion, until June 22, 2015. Docket #29. The Court then waited a week beyond that date to issue this recommendation, yet Plaintiff still did not respond. The Court notes that each order has been mailed to Plaintiff at the

---

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

address he noted on his Complaint. *See* dockets ## 11, 15, 19, 21, 30. Defense counsel has also informed the Court that Plaintiff's telephone number appears to be disconnected. *Id*. at 1.

## DISCUSSION

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. As noted *infra*, Plaintiff has failed to engage in any way since the filing of his Complaint. The Plaintiff has neither responded to the current Motion, nor requested extra time in which to file a response. Furthermore, the Plaintiff has failed to cooperate in the required Rule 26(f) meeting and the preparation of a Scheduling Order. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction

and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information and documents necessary to defend against Plaintiff's claims. Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court has been unable to issue a complete scheduling order in this case. Additionally, the necessity in issuing orders to show cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for his failures to respond to Court orders and to participate in the litigation; his culpability is evident. Plaintiff was warned in an Order to Show Cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would

be effective here.  The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical.  The Court concludes that dismissal with prejudice is the appropriate result.

## CONCLUSION

The Plaintiff appears to have abandoned his claims in this matter.  He has failed to prosecute the case with due diligence by his failure to participate in a Rule 26(f) conference in this matter, failure to cooperate in the preparation of a Scheduling Order, failure to respond to this Court's orders to show cause, and  failure to respond to the Defendant's Motion to Dismiss for Failure to Show Cause or to request an extension of time to respond if he was unable to do so in a timely manner.  For these reasons alone, dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court **grant** Defendant's Motion to Dismiss for Failure to Prosecute [filed May 28, 2015; docket #27] and **dismiss** this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 30th day of June, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5